COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-367-CR

 

 

CHRISTOPHER ANTHONY MILLER                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM COUNTY
CRIMINAL COURT NO. 6 OF TARRANT COUNTY

 

                                              ------------

 

 

                                MEMORANDUM OPINION[1]

 

 

                                              ------------

In one issue, Appellant Christopher Anthony
Miller appeals from his conviction for driving while intoxicated (DWI), arguing
that the evidence is factually insufficient to sustain the conviction.  We affirm.

 








I. Factual and Procedural History

In the early hours of March 3, 2007, Grapevine
Police Officer Greg Ross stopped Miller on State Highway 121 for speeding and
erratic driving.  As he walked up to
Miller=s car,
Officer Ross smelled a strong odor of alcohol emanating from the vehicle.  He also noticed that Miller had heavy and
watery eyes and that his speech was slurred. 
When Officer Ross asked where Miller had come from, Miller responded, AChaucer=s in
Addison,@ a bar,
and that he had consumed Aa beer or two.@  After taking several minutes to
find his license and proof of insuranceCeven
providing Officer Ross a copy of a Firestone receiptCMiller
eventually handed over the actual proof of insurance.  Officer Ross administered three standardized
field sobriety tests: the Horizontal Gaze Nystagmus (AHGN@), the
walk-and-turn test, and the one-leg stand test. 
After Miller had failed all three tests, Officer Ross placed Miller
under arrest for DWI and took him to the Grapevine jail, where Miller refused
to give a breath sample.

Miller was charged with DWI and entered a plea of
not guilty.  On September 12, 2007, a
jury found Miller guilty.  The trial
court sentenced Miller to 120 days in the Tarrant County jail.  The trial court, however,  suspended Miller=s
sentence to time served, placed him on a two-year probation, and ordered him to
pay a $900 fine, plus court costs.  This
appeal followed.

 








II. Factual Sufficiency

Miller complains that A[t]he
key piece of evidence presented in this case is the videotape@ of his
sobriety test performance, and he claims that the videotape does not support
the arresting officer=s testimony that Miller Aflunked
the sobriety tests.@ 
Therefore, he asserts, Athe
record cannot support a finding that [Miller] lost the normal use of his
physical faculties[,]@ and the evidence is
insufficient to support his conviction.

A.
Standard of Review








When reviewing the factual sufficiency of the
evidence to support a conviction, we view all the evidence in a neutral light,
favoring neither party.  Watson v.
State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas v. State,
175 S.W.3d 795, 799 (Tex. Crim. App. 2005). 
We then ask whether the evidence supporting the conviction, although
legally sufficient, is nevertheless so weak that the fact-finder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
fact-finder=s determination is manifestly
unjust.  Watson, 204 S.W.3d at 414B15, 417;
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must
determine, with some objective basis in the record, that the great weight and
preponderance of all the evidence, though legally sufficient, contradicts the
verdict.  Watson, 204 S.W.3d at
417.

In determining whether the evidence is factually
insufficient to support a conviction that is nevertheless supported by legally
sufficient evidence, it is not enough that this court Aharbor a
subjective level of reasonable doubt to overturn [the] conviction.@  Id. 
We cannot conclude that a conviction is clearly wrong or manifestly unjust
simply because we would have decided differently than the jury or because we
disagree with the jury=s resolution of a conflict in
the evidence.  Id.  We may not simply substitute our judgment for
the fact-finder=s.  Johnson, 23 S.W.3d at 12; Cain v.
State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a
different result is appropriate, we must defer to the jury=s
determination of the weight to be given contradictory testimonial evidence
because resolution of the conflict Aoften
turns on an evaluation of credibility and demeanor, and those jurors were in
attendance when the testimony was delivered.@  Johnson, 23 S.W.3d at 8.  Thus, we must give due deference to the
fact-finder=s determinations, Aparticularly
those determinations concerning the weight and credibility of the evidence.@  Id. at 9.

 

 








B.
Analysis

A person commits DWI Aif the
person is intoxicated while operating a motor vehicle in a public place.@  TEX. PENAL CODE ANN. ' 49.04(a)
(Vernon 2003).  A person is intoxicated
if he does Anot have the normal use of
mental or physical faculties by reason of introduction of alcohol . . . or any
other substance into the body[.]@  Id. ' 49.01(2)(A)
(Vernon 2003).   Appellant=s sole
contention is that he was not intoxicated on the morning of March 3, 2007;
therefore, we will not address the other elements of DWI.  








Miller argues that the evidence presented at
trialCspecifically
the videotape of the field sobriety testsCis
factually insufficient to support his conviction.  According to Miller, the video only showed
that he was uncoordinated and not that he was intoxicated.  However, the record shows that Officer Ross
did not arrest Miller based solely upon Miller=s field
sobriety tests.  First, Officer Ross
testified that the videotape did not show everything he had observed, e.g., the
odor of alcohol, Miller=s eyes during the horizontal
gaze nystagmus test, and the wateriness and heaviness of Miller=s
eyes.  Second, the jury could assess
Officer Ross=s testimony with the videotape,
which was published to the jury.  Namely,
the jury saw on the videotape that Miller drove erratically, swerved around a
slower car, and came to a stop in the center median of State Highway 121,
perpendicular to the freeway.  Also, the
jury saw Miller handing Officer Ross a piece of paper, later determined to be a
Firestone receipt instead of his proof of insurance.  Furthermore, the jury saw Miller perform the
standardized field sobriety tests and could determine how well he
performed.  During the walk-and-turn
test, for example, Miller stepped off the line, turned incorrectly, missed
heel-to-toe nine times, and used his arms for balance.  Additionally, during the one-leg stand test,
Miller swayed and used his arms for balance. 


Giving due deference to the jury=s
determinations of Officer Ross=s
demeanor and credibility, and its evaluation of the videotape, we cannot say
that the evidence of Miller=s
intoxication is so weak that the verdict is clearly wrong and manifestly
unjust.  See Watson, 204 S.W.3d at
414B15, 417;
Johnson, 23 S.W.3d at 11.  Thus,
we hold that the evidence is factually sufficient to support Miller=s
conviction.  We overrule Miller=s sole
point.

 

 

 

 

 

 

 








III. Conclusion

Having overruled Miller=s sole
point, we affirm the trial court=s
judgment.

 

PER CURIAM

PANEL: MCCOY, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: August 29, 2008











[1]See Tex. R. App. P. 47.4.